## R.B. Christel Inc v. Kirkpatrick

*Howard Lightman,* for plaintiff.
*Ronald L. Clever,* for defendant.

SPRECHER, *J.,* May 27, 2010—Defendant appeals the order dated February 5, 2010, which entered judgment for plaintiff and against defendant in the amount of $5,956.94 following a bench trial. This opinion is filed pursuant to Pa.R.A.P. 1925.

## FACTS

Plaintiff, R. B. Christel Inc., does excavating and hauling work. Plaintiff filed a complaint for money owed to

it by defendant, Ericka Kirkpatrick. Plaintiff contends that it performed excavating and hauling work between June 2004 and March 2006 for defendant at her verbal requests and that defendant did not pay charges for those services in the amount of $5,956.94.

Defendant runs an environmental company under the name E.J. Consulting Incorporated which does business as Durham Environmental. Defendant is a real estate agent. Defendant maintains that any work that had been ordered by her was ordered as an officer of her corporation and that if she had ordered any work in her individual capacity, then she had already paid for the work. She also claimed that plaintiff's bills are inaccurate because some bills were created after the fact with dates that prove their impossibility and that some bills are for materials and labor that were not supplied.

Plaintiff's foreman, Paul L. Schoenly Jr., testified that he is responsible for invoicing the customers. Mr. Schoenly did approximately 90 percent of the work ordered by defendant for the jobs for which plaintiff did not receive complete payments. Plaintiff did not receive any complaints regarding the workmanship on the jobs. Mr. Schoenly further testified that defendant had told him that certain jobs were personal and not corporate, including the work done for the Allentown Road property, one of the unpaid jobs. Mr. Schoenly testified that plaintiff charged defendant the standard hourly rates.

Defendant testified that she had negotiated rates for the jobs with plaintiff's owner, Rodney Christel, and that the work had been performed for her corporation. Defendant testified that she had not paid the invoice for the

Allentown Road property because it was the wrong amount and the bill had arrived after the complaint had been filed. Defendant claimed that it was about a $500 job. She paid $808 and $345 on the second disputed bill. She was credited for her payments which were reflected on the invoice.

Based on this evidence, this court entered the disputed decision. Defendant filed a timely appeal. This court directed defendant to file a concise statement of errors complained of on appeal.

## ISSUES

Defendant raises nine separate issues in her concise statement under 10 separate numbers. This court notes that defendant's statement is not especially concise. It contains three pages of single-spaced typing. Therefore, this court restated defendant's complaints which will be addressed seriatim.

(1) Whether this court erred in not granting defendant's motion in limine to prevent plaintiff from having Paul L. Schoenly Jr. testify as a witness because Rodney A. Christel was the only person named as a witness in plaintiff's answer to defendant's interrogatories.

(2) This court erred in not making adverse inferences against plaintiff because the corporate president did not attend the trial.

(3) This court erred in admitting plaintiff's documentary evidence because there was no back-up documentation to support the two account statements.

(4) This court erred in admitting plaintiff's documentary evidence because this court erroneously overruled an objection to a leading question which became the basis for plaintiff's offering the documents into evidence.

(5) This court erred in admitting plaintiff's documentary evidence because it was contradictory in that one statement had a preparation date which pre-dated some of the work.

(6) This court erred by admitting plaintiff's documentary evidence because the documents were attached to the complaint but not produced in discovery.

(7) This court erred in admitting plaintiff's documentary evidence because the documents were not the invoices themselves, but statements.

(8) This court erred in not finding that a corporation of E. J. Kirkpatrick Consulting Inc. existed.

(9) This court erred in not admitting into evidence defendant's exhibits number 5 through 8 which were plaintiff's certificates of liability insurance which were offered into evidence not to prove that plaintiff had insurance, but to show that plaintiff knew that it was dealing with a corporation and not an individual.

## DISCUSSION

Defendant's first complaint that this court erred in not granting defendant's motion in liminine to limit plaintiff to presenting only Rodney A. Christel instead of Paul L. Schoenly as a witness because only Mr. Christel was named as a potential witness in defendant's interrogato-

ries is without merit for several reasons. Plaintiff indicated in the answers to defendant's interrogatories that possible witnesses were Rodney A. Christel *and other representatives and employees* of plaintiff. (emphasis added) Moreover, Mr. Schoenly testified at the arbitration hearing in this matter. Therefore, plaintiff was not surprised by this witness or his testimony. For these reasons, this court denied plaintiff's motion in limine.

Defendant's second contention is that this court erred in not making adverse inferences against plaintiff because the corporate president did not attend the trial. This complaint is meritless. The corporate president did not have to attend the trial to present plaintiff's case. The foreman who performed the work and did the invoicing attended the trial and testified to the facts. Mr. Schoenly had more direct knowledge of the case than the corporate president had. The corporate president did not invoice or bill the customers. This case was about the fees that plaintiff sought from defendant. Therefore, this court did not err in not making adverse inferences against plaintiff.

Defendant next argues that this court should not have admitted plaintiff's exhibits into evidence because there was no back-up evidence to support the statements. This complaint is frivolous. Plaintiff's exhibit no. 1 consists of invoices for the jobs that defendant did not pay which are the subjects of this action. Mr. Schoenly did the invoicing for the jobs and testified about it. Defendant objected to the attachments to the invoices which plaintiff agreed to remove. Thus, this court admitted this exhibit without the attachments. Plaintiff's exhibit 2

consists of an invoice and delivery documents. Defendant did not object to the admission of this exhibit so this court admitted it. Transcript, 33.

Defendant's fourth complaint is that this court erred in admitting plaintiff's documentary evidence because this court erroneously overruled an objection to a leading question which became the basis for plaintiff's offering the documents into evidence. This objection is a frippery. Plaintiff asked Mr. Schoenly if he was responsible for invoicing as a prelude to questioning him about the invoices which he had prepared. This court does not consider this to be a leading question. It is general knowledge that most foremen do invoicing for their own jobs. Furthermore, it was a bench trial so there was no danger that a jury would be swayed by leading questions. Therefore, this court overruled defendant's objection to the question.

Defendant's next objection to the exhibits is that this court erred in admitting plaintiff's exhibits because one had a preparation date which had pre-dated some of the work. This complaint is without merit.

Defendant contends that the exhibit pre-dates the work. Plaintiff does not. This case had to be resolved on the issue of credibility. In a bench trial, the trial court, as fact-finder, is free to believe all, part, or none of the evidence presented, and, therefore, assessments of credibility and conflicts in the evidence are for the trial court to resolve. *Turney Media Fuel Inc. v. Toll Brothers Inc.*, 725 A.2d 836 (Pa. Super. 1999). This court found Mr. Schoenly to be a more credible witness than defendant. For this reason, it admitted the invoices. More signifi-

cantly, no one disputes that the work was performed. Defendant received the benefit of the work and never complained about the workmanship.

Defendant also complains about the admission of plaintiff's exhibits in her sixth contention. She asserts that this court erred by admitting these exhibits because the documents were attached to the complaint but not produced in discovery. This assertion has no merit. Plaintiff attached the documents to the complaint so they were already in the record. One of the purposes of discovery is to eliminate surprise. Defendant was not surprised by the documents. There was no reason for this court not to admit them.

Defendant's last complaint concerning the admission of plaintiff's exhibits is that this court erred in admitting plaintiff's documentary evidence because it was not the invoices themselves that were admitted but statements made from the invoices. This contention is meritless. The exhibits state that they are invoices. They are clearly documents that are mailed to the customer. They state the terms of payment, the total payments made or credits, and the balance due. Mr. Schoenly did not testify that he re-wrote them. He stated that he prepared the invoices. Transcript, 12. For these reasons, this court admitted the exhibits.

Defendant's eighth contention is that this court erred in not finding that a corporation of E. J. Kirkpatrick Consulting Inc. existed. This argument is without merit. The evidence that was produced for the existence of a corporation was cancelled checks from an account that is in the name of business that were signed by defendant.

No articles of incorporation were presented to this court Thus, there was no evidence that an actual corporation existed. Any name can be put on a check. Plaintiff was under the impression that defendant's business address was the same as her personal residence so all invoices were sent to the same address. Two of defendant's defenses are that the expenses were for her corporation or that she had not received the invoices. The undisputed fact is that plaintiff performed the work in a workmanlike manner. This court decided therefore that defendant was obligated to pay plaintiff for the work performed.

The court notes that in this contention defendant requests the court to re-open the evidentiary record to take additional evidence or judicial notice that defendant's articles of incorporation for her business can be found on a web site. This case is on appeal so this court does not have jurisdiction to comply with either of defendant's requests. Defendant already had the opportunity to present his case. The record is closed unless later discovered evidence is found. That is not the situation in the case sub judice. Moreover, if there is a business, then the business may pay for the services instead of defendant personally. It would be inequitable for plaintiff not to receive the fees after it has performed the work. Plaintiff can no longer claim that she does not know that the fees are due.

Defendant's last salient issue is that this court erred in not admitting into evidence defendant's exhibits number 5 through 8 which were plaintiff's certificates of liability insurance because they were not offered to show that plaintiff had insurance but to demonstrate that plaintiff

knew it was dealing with a corporation, not the defendant. This contention is meritless. The certificates are irrelevant. They do not show that plaintiff was dealing with a corporation. The certificates demonstrate that plaintiff was doing business for E. J. Kirkpatrick, an entity that could be an individual as well as a corporation.

In accordance with the foregoing opinion, this court submits that defendant's appeal should be denied and its decision and verdict affirmed.